UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

D-1 AREF NAGI,

        Defendant.
_____/

CASE NO. 06-20465

**ORDER OF DETENTION PENDING TRIAL**

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the Defendant pending trial in this case.

## Part I - Findings of Fact

(1) I find that: there is probable cause to believe that the Defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. §841 or 846;

(2) I further find that the Defendant has not rebutted the presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community.

## Alternative Findings

I find that the government has established by a preponderance of the evidence that there is a serious risk that the Defendant will not appear.

I find that the government has established by clear and convincing evidence that there is a serious risk that the Defendant will endanger the safety of another person or the community.

**Part II - Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing established the following factors under 18 U.S.C. §3142(g):

Defendant Aref Nagi is charged in a Two Count Grand Jury Indictment with Conspiracy to Distribute (large quantities of) Cocaine, Marijuana and Ecstacy (Count I), and with participating as an organizer, supervisor and manager of a Continuing Criminal Enterprise (Count II). The Indictment constitutes a showing of probable cause to believe that the crimes were committed, and that the Defendant participated in them. The evidence in the case includes thousands of intercepted telephone conversations, many involving Defendant Nagi, as well as informant information, surveillance, and the fruits of numerous search warrant executions. The testimony of the case agent describes Defendant as the Vice-President of the "Highwaymen" Motorcycle Club, and a very powerful figure in large scale drug distribution activities conducted by that organization. The agent testified that, during a nine month wiretap, Defendant participated in numerous conversations in furtherance of the drug distribution operation, including discussions relating to the detection of government informants and the employment of violent means to deal with persons deemed to be disloyal or opposed to the interests of the conspirators.
The investigation of the conspiracy also included undercover purchases of marijuana, cocaine and ecstacy, some of which directly involved this Defendant.

Defendant is a 43 year old American citizen of Yemeni extraction. Source information indicates that his family has strong political ties in Yemen. Defendant's brother, who had spent fifteen years in prison in this country, absconded to Yemen, in violation of his bond conditions, and remains a fugitive. Information received from the Detroit Police

Department indicates that Defendant has announced his intention to flee to Yemen as well, rather than face imprisonment in this country.

Mr. Nagi is a long term resident of this district. He has substantial family and property ties in the Detroit area. He is the owner of two currently operating restaurant businesses, and a third business which is currently inactive and offered for sale. He resides with, and provides financial support to, his family, including the son of his fugitive brother. The Defendant has a strong record of academic achievement. His criminal record consists of two misdemeanor convictions for drug related activities. At least a portion of the offense conduct in this case occurred while he was on probation for his most recent state law drug violation. A search of Defendant's residence yielded 29 firearms, several of which had been reported as stolen. Only four of the weapons were registered to the Defendant. Among the firearms seized were a machine gun and numerous semi-automatic weapons.

Pretrial Services recommends detention on both flight risk and dangerousness grounds. Having considered the evidence presented at the hearing, in light of the factors listed in Title 18 Section 3142(g), I concur. The charged offense is a large scale drug distribution conspiracy constituting a continuing criminal enterprise. Based upon the hearing testimony, I conclude that the evidence is strong, including hand to hand purchases of drugs and intercepted communications by the Defendant relating to drug distribution activity and violence directed against persons deemed to be inimical to the Defendant's interests. Upon conviction on Count II of the Indictment, Defendant faces a minimum term of 30 years imprisonment. In view of his age, that prospect constitutes a strong motivation to flee. Reports from police sources reflect an unambiguous expression of intent to

abscond. The history relating to Defendant's brother only serves to magnify the risk of non-appearance. Defendant clearly has the financial capacity, motivation and international contacts to absent himself with little difficulty.

The testimony relating to the employment of violence against perceived enemies, combined with the vast arsenal of weapons seized from Defendant's home, suggests that pretrial release of this Defendant constitutes a threat to government informants and witnesses. That danger is distinct from, and in addition to, the danger inherent in the charged conduct. I conclude, therefore, that the Pretrial Services recommendation of detention is fully warranted on both risk of flight and dangerousness grounds.

### Part III - Directions Regarding Detention

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: October 12, 2006