UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.

Aref Nagi, D-1,

    Respondent.

                                         /

Case No. 06-20465

Honorable Nancy G. Edmunds

**ORDER ON GOVERNMENT'S SUPPLEMENTAL BRIEFING [2749]**

This matter comes before the Court on the parties' supplemental briefing in light of the Sixth Circuit's remand to this Court. Defendant Aref Nagi was convicted and sentenced for substantive RICO violations, RICO conspiracy, assault with a dangerous weapon in aid of racketeering, conspiracy to transport stolen property in interstate commerce, conspiracy to alter, remove and obliterate vehicle identification numbers, conspiracy to possess with intent to distribute controlled substances, and use of a firearm during, and in relation to, a crime of violence. The Sixth Circuit affirmed Defendant's convictions on September 30, 2013. On May 19, 2014, the Supreme Court granted Defendant's petition for a writ of certiorari, vacated the judgment, and remanded to the Sixth Circuit for further consideration in light of *Rosemond v. United States*, 572 U.S. __, 134 S.Ct. 1240 (2014). The Sixth Circuit subsequently remanded to this Court on April 21, 2015.

The *Rosemond* decision held that when accusing a defendant of aiding or abetting a violation of 18 U.S.C. § 924(c)—which prohibits using or carrying a firearm during and in relation to any crime of violence or drug trafficking—the government must prove "advance

knowledge that a confederate would use or carry a gun" and the jury instructions must include that the "defendant knew in advance that one of his cohorts would be armed." 134 S.Ct. at 1243.

In light of this decision, the Government moves the Court to dismiss Defendant's conviction and sentence for Count 31, "since the jury instructions did not include reference to 'advance knowledge.'" (Dkt. 2749, at 2.) The Government concedes "there were simply not enough facts elicited on this record to determine whether or not it was harmless error that the jury instructions did not include the concept of 'advance knowledge.'" (*Id.* at 3.) With this concession, the Government requests the Court dismiss Count 31 and re-issue a judgment affirming the other counts of conviction and sentences attendant to those counts. The Government argues this is appropriate because the Sixth Circuit's remand was limited to the issue of whether the evidence still supports the 924(c) conviction after the Supreme Court's decision in *Rosemond*. Defendant agrees Count 31 should be dismissed, but argues that the remand was general in nature, not limited. As such, at a minimum, Defendant seeks a hearing and re-sentencing in light of the Sixth Circuit's general remand.

The primary issue briefed by the parties and presently before the Court is whether the Sixth Circuit's April 21 remand was general or limited in nature. "[A] district court is bound to the scope of the remand issued by the court of appeals." *United States v. Campbell*, 168 F.3d 263, 265 (6th Cir. 1999). Here, the remand order stated:

> In view of the Supreme Court's judgment vacating and remanding to this court for further consideration in light of *Rosemond v. United States*, 572 U.S. ___, 134 S. Ct. 1240 (2014),
>
> And further in light of the parties' response to the request for supplemental briefing,

2

> It is ORDERED that this matter is remanded to the district court for further proceedings as appropriate in light of *Rosemond*.

(Dkt. 2677.)

It is well-established in this Circuit that a limited remand must "explicitly outline the issues to be addressed by the district court and create a narrow framework within which the district court must operate." *United States v. Campbell*, 168 F.3d 263, 265 (6th Cir. 1999). Appellate courts are to "leave no doubt in the district judge's or parties' minds as to the scope of the remand. The language used to limit the remand should be, in effect, unmistakable." *Id.* at 268. General remands, on the other hand, "give district courts authority to address all matters as long as remaining consistent with the remand." *Id.* at 265. Importantly, "[i]n the absence of an explicit limitation, the remand order is presumptively a general one." *United States v. Moore*, 131 F.3d 595, 598 (6th Cir. 1997). In addition, the Sixth Circuit has held that boilerplate language (such as "consistent with this opinion") "does not satisfy any of the requirements necessary to establish a limited remand." *U.S. v. Obi*, 542 F.3d 148, 154 (6th Cir. 2008).

Applying the above principles, this Court concludes that the Sixth Circuit's April 21 order was a general remand. If the remand order was intended to limit the Court's sentencing authority as the Government contends, it would have made that limitation evident and would not have issued a single-sentence order with boilerplate language. The phrase "this matter is remanded to the district court for further proceedings as appropriate in light of *Rosemond*" does not "explicitly outline issues to be addressed" nor unmistakably create a narrow framework within which the Court must operate. The Government points to *Moore* in support of its argument that the appellate order is limited, but its reliance on

3

*Moore* is misplaced. In contrast to the remand order here, the remand order at issue in *Moore* was narrowly drawn and explicitly limited the district court's review to consideration of the defendant's conviction under 18 U.S.C. § 924(c) and specifically to the issue whether the defendant "used or carried a firearm during and in relation to his drug trafficking offense." *Moore*, 131 F.3d at 597. Here, in contrast, the order merely remands for "proceedings as appropriate in light of *Rosemond*."

For the reasons stated, the Court hereby GRANTS the parties' request to DISMISS Count 31. The Court further GRANTS Defendant's request for a hearing and re-sentencing on the remaining counts. The hearing is scheduled for April 25, 2016 at 2:00 p.m.

SO ORDERED.

S/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: January 27, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 27, 2016, by electronic and/or ordinary mail.

S/Carol J. Bethel
Case Manager