UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,	Case No. 06-20465

v.	Honorable Nancy G. Edmunds

AREF NAGI,

    Defendant-Petitioner.

_____/

**OPINION AND ORDER DENYING PETITIONER'S 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT HIS SENTENCE [2920]**

Petitioner Aref Nagi was convicted on six counts of racketeering, conspiracy, and drug distribution after he and 90 other members of the Highwaymen Motorcycle Club were indicted by a grand jury in a 58-count indictment. (ECF No. 2789.) Petitioner now moves under 28 U.S.C. § 2255 to vacate his sentence, asserting he received constitutionally ineffective assistance of counsel. Specifically, Petitioner contends (1) his appellate counsel was ineffective for not raising the issue of Petitioner's right to a speedy trial; and (2) his counsel was ineffective for failing to seek relief as to Petitioner's conviction on count seven of the second superseding indictment following general remand to this Court from the Sixth Circuit Court of Appeals. (ECF No. 2920.) The third argument initially presented by Petitioner, that his counsel failed to object to an improper argument made by the Government during closing, was withdrawn by Petitioner in his reply brief. (*Id.* at 12.)

1

The United States filed a response to Petitioner's motion and Petitioner filed a reply.[1] (ECF No. 2938, 2944.) The Court is familiar with the previous proceedings and has thoroughly reviewed the pleadings, supporting documentation, and previous filings in this case. The motion, briefs, and records conclusively show Petitioner is not entitled to relief and an evidentiary hearing on this matter is not necessary. *See* 28 U.S.C. § 2255(b). For the reasons discussed below, the Court denies Petitioner's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.

I.   **Background**

On September 6, 2006, a federal grand jury returned an indictment charging Petitioner and 16 others with conspiracy to possess with intent to distribute, and distribution of, controlled substances in violation of 21 U.S.C. § 846. Petitioner was also charged in a second count that alleged he engaged in a continuing criminal enterprise in violation of 21 U.S.C. § 848. (ECF No. 3.) The grand jury returned two superseding indictments in May 2009 and December 2009, which added 74 additional co-defendants and several new charges against Petitioner related to racketeering and conspiracy.

Attorney James Thomas represented Petitioner at all times relevant to the present motion. (ECF No. 2920.) Beginning November 2, 2006, Mr. Thomas began filing pre-trial motions on Petitioner's behalf. (ECF No. 81-84.) On December 15 and 21, 2006, upon stipulation from defense counsel and the Government, the Court entered orders for excludable delay and continuance due to delay resulting from the pretrial motions, the number of defendants, and evidence consisting of information obtained from wiretaps. (ECF No. 91, 92.) Thereafter, the parties and the Court continued to enter stipulations

---

[1] Although the 14-page reply exceeds the page limits established by L.R. 7.1(d)(3)(B), the Court will consider it in full.

and orders covering the Speedy Trial Act based upon the complexity of the case and the need for additional time to review the wiretap discovery. (*See* ECF No. 110, 122, 154, 159, 171, 185; *See also* ECF No. 729 (summarizing the Speedy Trial Act timeline.))

In July of 2009, Petitioner voiced his objection to any further continuances for the first time and filed a *pro se* motion to dismiss the charges against him based on alleged speedy trial violations. (ECF No. 688, 724 at 4.) The Court denied Petitioner's motion and placed its finding of excludable delay for the period between July 14, 2009 and February 1, 2010 on the record. (ECF No. 724 at 4, 11 – 12, 740, 973.) On January 15, 2010, Petitioner filed a motion to suppress the wiretap evidence against him. (ECF No. 1091.) The Court denied this motion on March 1, 2010, the same day Petitioner filed his second pro se motion to dismiss based on Speedy Trial Act violations. (ECF No. 1299, 1303, 1307.) The Court denied the second motion on March 17, 2010. (ECF No. 1347.) On March 24, 2010, Petitioner joined a motion to dismiss filed by co-defendant Gary Ball Jr which the Court denied on March 30, 2010. (ECF No. 1363, 1371, 1383.) The trial then commenced on April 1, 2010.

After a nearly two-month long trial, the jury found Petitioner guilty of conducting or participating in the affairs of an enterprise through a pattern of racketeering activity, conspiracy to participate in the affairs of an interstate enterprise through a pattern of racketeering activity, assault with a dangerous weapon in aid of racketeering, conspiracy to transport stolen property in interstate commerce, conspiracy to alter, remove, and obliterate vehicle identification numbers, conspiracy to possess with intent to distribute controlled substances, and use of a firearm during and in relation to a crime of violence. (ECF No. 1873.) His custody sentence totaled 37 years.

Petitioner, through Mr. Thomas, raised six issues on appeal. He argued (1) he was convicted with insufficient evidence; (2) there was a prejudicial variance between the terms charged and evidence presented; (3) the Court and the Government erred by amending the indictment constructively; (4) his Sixth Amendment right to cross-examine a witness was violated; (5) the Court imposed an improper sentence upon him; and (6) the Court erred by denying his motion to suppress and by failing to hold an evidentiary hearing. (*See* Sixth Circuit Case No. 11-1170, DE 82, Filed May 24, 2012.) The court of appeals rejected those arguments and affirmed Petitioner's conviction and sentence. No other appellate issues were raised.

On January 7, 2014, Petitioner filed a petition for a writ of certiorari with the Supreme Court. The petition was granted, Petitioner's judgment was vacated, and the case was remanded to the Sixth Circuit, and then to this Court, "for further consideration in light of *Rosemond v. United States* . . ."[2] *Nagi v. United States*, 572 U.S. 1111 (2014). Back in the district court, the parties provided supplemental briefing regarding *Rosemond* and the scope of the remand. (ECF No. 2749, 2755.) Petitioner argued the remand was a general remand and that the Court should consider whether *Rosemond* applied to both count 31, use of a firearm during and in relation to a crime of violence, as well as count seven, assault with a dangerous weapon in aid of racketeering. (ECF No. 2755.) The Government conceded there was insufficient evidence to convict Petitioner of count 31 under *Rosemond*, the holding of which applied directly to that offense. It argued, however, the remand was limited in scope and the other counts of conviction should be reinstated.

---

[2] In *Rosemond v. United States*, the Supreme Court held the government must prove "advance knowledge that a confederate would use or carry a gun" and that jury instructions must include that the "defendant knew in advance that one of his cohorts would be armed" in order to prove a violation of 18 U.S.C. § 924(c), use of a firearm during and in relation to a crime of violence. 572 U.S. 65 (2014).

4

(ECF No. 2749.) On January 27, 2016, the Court issued an Order finding the remand to be a general remand and granting Petitioner's request for a hearing and re-sentencing. (ECF No. 2766.)

A resentencing hearing was held on June 29, 2016. There, Petitioner agreed the Amended Presentence Report was "accurate in all respects." (ECF. No. 2794.) Regarding count seven, Petitioner stated through counsel: "while Count 7 may be arguably involved in an issue relating to Rosemond, there is no consequence to Count 7. It was not raised in the Supreme Court or the Court of Appeals." (*Id.* at 4.) Thereafter, although count seven was not dismissed, the Court considered updated information regarding Petitioner's exemplary conduct in prison and granted Petitioner's request for a downward departure from the sentencing guidelines. (ECF No. 2791, 2794, Minute Entry June 29,2016.)

On July 6, 2016, an amended judgment was entered regarding the remaining convictions and the Court sentenced Petitioner to 240 months imprisonment on counts one, two, seven, and 19, 120 months on count 15, and 60 months on count 16 with all counts to run concurrently for a total custody sentence of 20 years. (ECF No. 2789.) Petitioner filed but voluntarily dismissed his subsequent appeal of the amended judgment. (ECF No. 2816.) The present motion to vacate, set aside, or correct Petitioner's sentence pursuant to 28 U.S.C. § 2255 was filed within one year of the appeal's dismissal.

**II.     Standard of Review**

28 U.S.C. § 2255 allows a prisoner in custody under sentence of a federal court to "move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). To prevail on the motion, a movant must show "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an

5

error of fact or law that was so fundamental as to render the entire proceeding invalid." *McPhearson v. United States*, 675 F.3d 553, 559 (6th Cir. 2012) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). Relief is warranted "only where a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Griffin v. United States*, 330 F.3d 733, 736 (2003) (citing *Davis v. United States*, 417 U.S. 333, 346 (1974)).

"It is well-established that a § 2255 motion 'is not a substitute for a direct appeal.'" *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013) (citations omitted). "[C]laims that could have been raised on direct appeal, but were not, will not be entertained via a motion under § 2255 unless the petitioner shows: (1) cause and actual prejudice to excuse his failure to raise the claims previously; or (2) that he is 'actually innocent' of the crime." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). And "[i]t is equally well settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999).

III. **Analysis**

Petitioner's motion attacks his conviction by raising the issue of ineffective assistance of counsel in two instances. First, Petitioner claims his appellate counsel was unconstitutionally ineffective for failing to raise a Speedy Trial Act claim or a violation of the Sixth Amendment right to a speedy trial on direct appeal. Next, he claims his counsel failed to raise the issue of whether *Rosemond v. United States*, 572 U.S. 65 (2014), applied to count seven of the second superseding indictment when the case was on remand from the Sixth Circuit. A claim that could have been raised on direct appeal

6

generally is not reviewable in a section 2255 motion. *Bousley*, 523 U.S. at 621. Petitioner's speedy trial claims were not raised in his initial appeal and his subsequent appeal of the convictions in the amended judgment was dismissed.³ The time to raise those issues has therefore expired. *See id.* (holding that "even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review"); *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (reaffirming that "[s]ection 2255 is not a substitute for a direct appeal, and thus a defendant cannot use it to circumvent the direct appeal process"). Accordingly, Petitioner is prevented from raising here the legal issues that underlie each of his claims.

But, a claim that "cannot otherwise be reviewed for the first time on a § 2255 motion can be reviewed as part of a successful claim that counsel provided ineffective assistance." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001). The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), governs claims of ineffective assistance of counsel. *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005). To show a violation of the Sixth Amendment right to effective assistance of counsel, a petitioner must show: (1) deficiency, meaning counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) prejudice, meaning "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id.*

---

³ Petitioner's initial appeal predated the *Rosemond* decision. Accordingly, he would have had to appeal the amended judgment, entered after *Rosemond*, to make this argument directly.

In considering the first prong of the test set forth in *Strickland*, the appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Id.* at 688. The reasonableness of counsel's performance "is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances." *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986) (citing *Strickland*, 466 U.S. at 689). A defendant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690.

The second prong of the *Strickland* test requires a defendant to show that counsel's deficient performance prejudiced the defense. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. "The goal is not to ensure that a criminal defendant be afforded perfect counsel, but rather to ensure that the adversarial testing process works to produce a just result under the standards governing decision." *Kelly v. Lazaroff*, 846 F.3d 819, 830 (quoting *Strickland*, 466 U.S. at 687). The essential question is whether the proceeding was "fundamentally unfair or unreliable; a court should not focus the analysis on the outcome." *Kinnard v. United States*, 313 F.3d 933, 935 (6th Cir. 2002) (citing *Lockhart v. Fretwell*, 506 U.S. 364 (1993)).

### A. Counsel's Failure to Raise Speedy Trial Violations on Appeal

Petitioner claims his appellate counsel was constitutionally ineffective for failing to raise on appeal violations of both the Speedy Trial Act, 18 U.S.C. § 3161(c)(1), and Petitioner's Sixth Amendment right to a speedy trial. "Failure of appellate counsel to raise

8

an issue can amount to constitutionally ineffective assistance. However, counsel has no obligation to raise every possible claim, and the decision of which among the possible claims to pursue is ordinarily entrusted to counsel's professional judgment." *McFarland v. Yukins*, 356 F.3d 688, 710 (6th Cir. 2004) (internal citations omitted). To prevail on such a claim, Petitioner must demonstrate that the "ignored claim [was] clearly stronger than all of those other claims that were actually presented." *Sullivan v. United States*, 587 F. App'x 935, 945 (6th Cir. 2014). Petitioner also must show a reasonable probability that he would have prevailed on appeal had the claim been raised. *McFarland*, 356 F.3d at 700.

Petitioner's argument that he was denied his right to a speedy trial either under the Speedy Trial Act, 18 U.S.C. § 3161(c)(1), or pursuant to the Sixth Amendment, is without merit. His appellate counsel put forward a thorough 60-page, six issue appellate brief that challenged the underlying evidence and testimony and several legal issues. (*See* Sixth Circuit Case No. 11-1170, DE 82, Filed May 24, 2012.) Counsel did not include a claim based on an alleged speedy trial violation but "[c]ounsel's competence . . . is presumed." *Kimmelman*, 477 U.S. at 384 (citing *Strickland*, 466 U.S. at 689).

Turning first to Petitioner's Speedy Trial Act claim, Petitioner cannot show such a claim would be "clearly stronger" than any of the six issues raised on appeal because there was no violation of the Speedy Trial Act. *Sullivan*, 587 F. App'x at 945; *See also* 18 U.S.C. § 3161(c)(1) (requiring the trial of a defendant who has entered a plea of not guilty on an indictment to commence "within seventy days from the filing date (and making public) of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."); 18

9

U.S.C. § 3161(h) (excluding certain periods of delay from the computation of time within which trial must commence). Petitioner filed his first pretrial motions on November 2, 2006 and agreed to delays via stipulation from counsel in December 2006, April 2007,[4] June 2007, November 2007, March 2008, and June 2008. (ECF No. 91, 92, 110, 122, 154, 159, 171.) Effectively, these pending motions, stipulations, and orders removed the entire period of delay between November 2, 2006 and September 9, 2008 from any Speedy Trial Act calculations. Additionally, at a pretrial conference held on September 3, 2008, counsel for defendants waived defendants' rights to a speedy trial on the record. The Court then entered orders excluding the period of time between September 9, 2008 and February 1, 2010 from Speedy Trial Act calculations. (*See* ECF No. 185, 740.) Thereafter, Petitioner had motions pending from January 15, 2010 until March 17, 2010 and from March 24, 2010 until March 30. As a result, there were 41 days of time not otherwise excluded for speedy trial purposes and there was no violation of the Speedy Trial Act.

The Court next turns to Petitioner's constitutional claim. The Sixth Amendment to the United States Constitution guarantees that "in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." Compliance with the Speedy Trial Act does not bar a Sixth Amendment claim, but "it will be an unusual case in which the time limits of the Speedy Trial Act have been met but the Sixth Amendment right to speedy trial has been violated." *United States v. O'Dell*, 247 F.3d 655, 667 (6th Cir.2001). "The Supreme Court has specified four factors for evaluating a Sixth Amendment speedy-trial claim: (1) length of delay, (2) the reason for the delay, (3) the defendant's assertions of

---

[4] Counsel for Petitioner's co-defendant, James Gebara, signed the April 2, 2007 stipulation which applied to all defendants. Neither Petitioner's counsel nor Petitioner objected to either this stipulation or the resulting order that adjourned the trial date to June 19, 2007.

10

his right, and (4) prejudice to the defendant." *United States v. Young*, 657 F.3d 408, 414 (6th Cir. 2011) (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972). "None of the factors is 'a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial,' but the factors are related and 'must be considered with such other circumstances as may be relevant . . .'" *Id.* at 414 (quoting *Barker*, 407 U.S. at 533).

The first *Barker* factor, the length of the delay, "is measured from the earlier of the date of arrest or the date of indictment." *Young*, 657 F.3d at 414 (citing *United States v. Bass*, 460 F.3d 830, 836 (6th Cir. 2006)). A delay of more than one year is presumptively prejudicial and triggers application of the remaining three factors. *Id.* Here, the indictment was issued on October 3, 2006 and Petitioner was convicted on June 3, 2010. Accordingly, the length of time is presumptively prejudicial and the remaining three factors are triggered. The Court will analyze each in turn.

The second *Barker* factor is the reason for the delay. In considering the reason, the Court is to determine "whether the government or the criminal defendant is more to blame for [the] delay." *Maples v. Stegall*, 427 F.3d 1020, 1026 (citing *Doggett v. United States*, 505 U.S. 647, 651 (1992)). "[G]overnment delays motivated by bad faith, harassment, or attempts to seek a tactical advantage weigh heavily against the government . . ." *United States v. Bass*, 460 F.3d 830, 836 (6th Cir. 2006). On the other hand, "[d]elays due to the complexity of the case and the large number of defendants support a finding that no Sixth Amendment violation occurred." *Id.* The Government argues and Petitioner concedes that the complexity of this case and number of defendants justified delay. (ECF No. 2938 at 9, 2944 at 10.) The Court agrees and takes note that the 58-count 91-defendant second superseding indictment was, according to

11

the Government, one of the largest indictments ever handed down in this district. (ECF No. 2938 at 8.) Moreover, there is nothing in the record to indicate a "willful attempt" by the prosecution to delay the trial, *Burns v. Lafler*, 328 F. Supp. 2d 711, 722 (E.D. Mich. 2004)(quoting *Davis v. McLaughlin*, 122 F. Supp. 2d 437, 443 (S.D.N.Y. 2000)), nor is there any evidence that the prosecution intentionally delayed the trial to gain a tactical advantage over petitioner. *Id.*; see also *United States v. Brown*, 498 F.3d 523. Accordingly, this factor weighs against a finding that Petitioner's speedy trial rights were violated.

The third *Barker* factor concerns whether defendant asserted his right to a speedy trial. Context is critical: "The strength of his efforts will be affected by the length of the delay, to some extent by the reason for the delay, and most particularly by the personal prejudice, which is not always readily identifiable, that he experiences." *United States v. Flowers*, 476 F. App'x 55, 63 (quoting *Barker*, 407 U.S. at 531, 92 S.Ct. 2182.) Here, Petitioner clearly asserted his speedy trial right in two *pro se* motions filed in July 2009 and March 2010. (ECF No. 688, 1303, 1307.) He now states he never agreed to waive his right and claims he continuously asked his counsel to file a motion to dismiss. (ECF No. 2920, 2944.) Further, he argues any delay should not be held against him as his incarceration "limited his access to resources and counsel such that . . . he could not adequately assert his right to a speedy trial." (ECF No. 2944 at 12.) On the other hand, the Government relies on the multiple stipulations and waivers Petitioner's counsel executed on Petitioner's behalf throughout the course of this litigation. It therefore encourages the Court to give little credence to Petitioner's *pro se* motions.

The Court finds the timing of Petitioner's motions calls into question whether he vigorously asserted his right. *See United States v. Flowers*, 476 F. App'x 55, 63 (6th Cir. 2012) (finding that an approximate 13-month delay between the defendant's indictment and his request for a speedy trial casted doubt on the sincerity of the demand). Here, Petitioner waited approximately 34 months to file his first *pro se* motion. Even though he was incarcerated during this period, the record shows he was in frequent contact with his attorney and was aware of the current and potential future charges against him. (ECF No. 2817 ¶6.) *See United States v. Robinson*, 455 F.3d 602, 608 ("Where it is shown that the defendant was aware of the charges against him, then this factor weighs heavily against the defendant."). The initial two-count indictment was not superseded until May 2009, but the record shows the Government made clear its intention to supersede that indictment and Petitioner was surely aware of his conduct that was under investigation. (*See* ECF No. 1817 at 5-6.); *See also Doggett v. United States*, 505 U.S. 647, 653 (where the defendant's delay in asserting his right to a speedy trial was not prejudicial as he was unaware of the federal charges against him). Accordingly, this factor suggests there was no constitutional violation.

The fourth *Barker* factor concerns whether some prejudice resulted to Petitioner. There are three defense interests the Court should consider "when determining whether a defendant suffered actual prejudice: (1) oppressive pretrial incarceration; (2) anxiety and concern of the accused; and (3) the possibility that the defense was impaired." *United States v. Bass*, 460 F.3d 830, 837 (6th Cir. 2006) (citing *Barker*, 407 U.S. at 532). Petitioner argues the delay between his arraignment and trial allowed "for the memory of key witnesses to decay, for attorneys to succumb to attrition and fatigue, and for the

anxiety and concern of [Petitioner] to propagate." (ECF No. 2944 at 12.) The Government agrees that Petitioner was held in pretrial incarceration for a significant period but notes there is no evidence Petitioner's defense was impaired in any way. (ECF No. 2944 at 10.) The Court agrees with the Government. Petitioner has failed to show that his witnesses or their evidence was actually lost to him. He has also failed to show how the multiple trial date continuances agreed to by his attorney prejudiced him or his defense. Accordingly, the final *Barker* factor weighs against a finding that Petitioner's speedy trial rights were violated.

Three of the four *Barker* factors weigh against a finding that Petitioner's speedy trial rights were violated. Petitioner was one of 91 defendants, the issues involved in the case were complex, and discovery was voluminous. Moreover, there is no evidence the Government purposely, or even negligently, delayed trial and no evidence of any prejudice incurred by Petitioner. Accordingly, the decision not to pursue a Speedy Trial Act or Sixth Amendment speedy trial claim on appeal was reasonable and Petitioner cannot show the indictment would have been dismissed with prejudice or "the result of the proceeding would have been different." *See Strickland*, 466 U.S. at 694.

**B. Ineffective Assistance of Counsel to Seek Relief as to Count 7 Upon Remand**

Petitioner next argues that he received constitutionally ineffective assistance of counsel after the case was remanded to this Court for further consideration in light of *Rosemond v. United States*, 572 U.S. 65 (2014). In *Rosemond*, the Supreme Court held that the Government must prove "advance knowledge that a confederate would use or carry a gun" and that jury instructions must include that the "defendant knew in advance that one of his cohorts would be armed" in order to prove a violation of 18 U.S.C. § 924(c).

14

Petitioner was initially convicted of violating 18 U.S.C. § 924(c), use of a firearm during and in relation to a crime of violence, in count 31 of the second superseding indictment. After *Rosemond* and Petitioner's appeal, however, that conviction was vacated. Petitioner now claims that if his counsel had raised the *Rosemond* issue with respect to count seven, assault with a dangerous weapon in aid of racketeering in violation of 18 U.S.C. 1959(a)(3), it would have been dismissed. That claim is incorrect.

After the case was remanded to this Court, counsel for Petitioner and the Government did consider whether *Rosemond* applied to count seven. Both determined that it did not and so informed the Court. (*See* ECF No. 2794.) Indeed, Petitioner's own counsel stated: "while Count 7 may be arguably involved in an issue relating to *Rosemond*, there is no consequence to Count 7. It was not raised in the Supreme Court or the Court of Appeals." (*Id.* at 4.) Additionally, and in conflict with Petitioner's assertions, the Supreme Court in *Rosemond* did not consider whether its holding would apply to any crimes besides 18 U.S.C. § 924(c). The statement made by Petitioner's counsel regarding the inapplicability of *Rosemond* to Petitioner's conviction on Count 7 cannot therefore be classified as unreasonable "under prevailing professional norms." *Strickland*, 466 U.S. at 688.

**IV. Conclusion**

For the foregoing reasons, Petitioner's motion is DENIED. Because the records of the case show "conclusively that Petitioner is entitled to no relief" on his claims, 28 U.S.C. § 2255(b), the Court declines to hold an evidentiary hearing.

SO ORDERED.

Dated: February 3, 2021

s/ Nancy G. Edmunds
Nancy G. Edmunds
United States District Court Judge

15

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 3, 2021, by electronic and/or ordinary mail.

                                        <u>s/ L. Bartlett</u>
                                        Case Manager